IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNECIA S. GATES, Individually, and on Behalf of All Others Similarly Situated,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>WEBER CHEVROLET CO.,  )<br>)<br>Defendant.  ) | Case No. 14-CV-1291 -NJR- PMF |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 12). Defendant asserts that, pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff's claims must be dismissed as moot. Plaintiff filed a Response (Doc. 19), and Defendant filed a Reply (Doc. 21). For the reasons set forth below, Defendant's Motion is granted.

## Background

On November 20, 2014, Plaintiff Unecia S. Gates filed a Class Action Complaint (Doc. 4) asserting that Defendant, Weber Chevrolet Co., violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Specifically, Plaintiff asserts that Defendant transmitted wireless spam in the form of SMS messages to her cell phone after she visited Defendant's location in Granite City, Illinois. Plaintiff complains

that she received the following text message on four separate occasions between July and November 2014:

> Weber Chevrolet reminds you it's time for your monthly tire pressure check.  Stop in & we'll help you save gas, tires, and more. Txt STOP 2 quit

(Doc. 4).  Plaintiff requested "statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated the TCPA," as well as "all expenses of this action." (Doc. 4).

On December 5, 2014, Plaintiff received a settlement letter from counsel for Weber Granite City Chevrolet Company.  In the letter, counsel stated that she had been "retained to represent Weber Granite City Chevrolet Company, improperly identified as Weber Chevrolet Co. ("Defendant")" in Plaintiff's Complaint (*See* Doc. 13-1). Defendant offered to pay Plaintiff the sum of $1,500 for "each and every text message which Plaintiff received, which was sent by or on behalf of Defendant".  In addition, Defendant agreed to pay Plaintiff any costs which she would recover were she to prevail in the litigation, including the cost of the filing fee and any service fees which would be taxable as costs.  The letter specifically stated that the settlement offer was intended to "fully satisfy Plaintiff's individual claims" and "to the extent it did not do so, Defendant hereby offered to provide Plaintiff any other relief which is determined by the Court to be necessary to fully satisfy all of the Plaintiff's individual claims." *Id.*

In addition to the settlement letter, on December 5, 2014, Defendant filed the instant Motion seeking dismissal of Plaintiff's Complaint.  In response, also on December 5th, Plaintiff filed an Amended Complaint (Doc. 15) naming Weber Chevrolet

Co. and Weber Granite City Chevrolet Company as Defendants. Other than adding a new defendant, the Amended Complaint is identical to the original complaint and seeks the same relief. Along with the Amended Complaint, Plaintiff also filed a Motion to Certify Class (Doc. 16).

## Standard of Review

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a federal district court has subject-matter jurisdiction over the action before it. Dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction includes dismissal on the basis of the justiciability doctrine of mootness, as mootness is an issue concerning the subject-matter jurisdiction of the federal courts. *See, e.g., Cornucopia Inst. v. U.S. Dep't of Agric.,* 560 F.3d 673, 676 (7th Cir.2009) ("It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot."). A case becomes moot when "the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994); *Gates v. City of Chicago,* 623 F.3d 389, 412 (7th Cir.2010). Consequently, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011).

## Discussion

Defendant moved to dismiss the action on the ground that its settlement offer, made prior to Plaintiff certifying the class, mooted Plaintiff's claim. In response, Plaintiff asserts that the settlement offer did not moot her claims because: (1) the offer was made by Weber Granite City who was not a party to the lawsuit at the time of the offer; (2) Plaintiff filed a motion for class certification within fourteen days of receiving the offer; and (3) the offer required Plaintiff to agree to confidentiality as a condition of settlement.

In *Damasco v. Clearwire Corp.*, the Seventh Circuit held that a complete offer of settlement made prior to filing for class certification moots the plaintiff's claim. *Damasco*, 662 F.3d at 894. The Court rejected the argument that class action plaintiffs should be afforded "a reasonable opportunity to seek certification" before a claim could be mooted, because "[t]o allow a case, ... with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Id*. at 895–96. The *Damasco* court also found it "unnecessary" to create an exception to the mootness doctrine for class action plaintiffs because there is a simple solution to the tactic of buying off class plaintiffs: "Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id*. at 896.

Here, Plaintiff clearly failed to follow the advice of the Seventh Circuit. Plaintiff concedes that she did not move to certify the class until after receiving the settlement

offer. Plaintiff argues, however, that her claims are not moot because the settlement offer was made by Weber Granite City before it was named as a defendant. As support, Plaintiff cites *G. Neil Garrett, DDS., P.C. v. New Albertson's Inc.*, 2014 WL 2198242 (N.D. Ill. May 27, 2014).

In *Garrett*, the plaintiff sued an entity called Albertson's, LLC, instead of the correct defendant, New Albertson's, Inc. *Id*. at *2. At the time the plaintiff filed its original complaint, it also moved for class certification. *Id*. Before the plaintiff realized its mistake, New Albertson's sent a settlement offer to the plaintiff. *Id*. The plaintiff rejected the offer and filed an amended complaint, substituting New Albertson's as the defendant, and filed an amended motion for class certification. *Id*. New Albertson's then moved to dismiss, arguing that its offer mooted the plaintiff's claims. *Id*. The Court disagreed. The Court noted that New Albertson's repeatedly emphasized in its briefs that it was not yet a defendant to the action when it made its offer to the plaintiff. *Id*. at *3. The Court further noted that a defendant cannot moot a case by making an offer after a plaintiff moves to certify a class, observing that otherwise the defendant could delay the action indefinitely by paying off each class representative in succession. *Id*. Because the plaintiff had already moved for class certification with its original complaint to prevent a buy off attempt, the Court held that it would be "unfair" to not afford the plaintiff any opportunity to protect itself from a buy-off attempt by the correct defendant. *Id*.

Plaintiff's citation to *Garrett* is unavailing. As *Garrett* demonstrates, the well-established rule in the Seventh Circuit is that "an offer's effect depends on its timing:

offers received before a motion for class certification is filed moot the case, but offers received after the motion has been filed do not." *See White v. Humana Health Plan, Inc.*, No. 06 C 5549, 2007 WL 1297130, at *6 (N.D. Ill. May 2, 2007) (citing *Holstein,* 29 F.3d at 1147). Unlike *Garrett*, Plaintiff did not file a motion for class certification with her original complaint. It was only after receiving the settlement offer that Plaintiff first moved for class certification. The fact that Plaintiff amended her complaint by adding Weber Granite City as an additional defendant and subsequently filed a motion for class certification does not cure this failure.

Plaintiff next argues that her claim is not moot because she filed a motion for class certification within fourteen days of receiving the offer pursuant to Federal Rule of Civil Procedure 68. This argument is equally futile. Rule 68 states that a defendant may, at any time more than ten days before trial, make an offer of judgment to the plaintiff on specified terms. *See* FED.R.CIV.P. 68(a). Normally, Rule 68 affords a plaintiff fourteen days to decide whether to accept the offer of judgment. *Id*. In the context of a class action, however, the salient point is not whether the offer was made under Rule 68, but that it was made prior to the filing of a class certification motion. *See Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 971 (N.D. Ill. 2010) (dicta in the Seventh Circuit's cases strongly support the conclusion that a suit may be mooted by an offer of complete relief, irrespective of Rule 68). Regardless of whether Defendant's offer is construed as a settlement offer or a Rule 68 offer of judgment, the fact remains that the offer was tendered prior to Plaintiff filing for class certification.

Plaintiff's final contention, that the settlement offer was ineffective because "her relief was conditioned on her agreeing to confidentiality," is also without merit. This very argument was rejected by the district court in *Damasco*. *See Damasco v. Clearwire Corp.*, No. 10-cv-3063, 2010 WL 3522950, at *3 (N.D. Ill. Sept. 2, 2010) (noting that defendant's offer was one of full relief even though plaintiff had to "take steps" before the defendant's offer could take effect).

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**. This matter is hereby **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

**DATED:** May 5, 2015

s/ Nancy J. Rosenstengel____  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**